# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

————

No. 17-41243

————

United States Court of Appeals
Fifth Circuit

**FILED**
February 19, 2019

Lyle W. Cayce
Clerk

BRUCE M. ANDERSON,

      Plaintiff - Appellee

v.

ROGELIO VALDEZ, In his Individual and Official Capacities,

      Defendant - Appellant

————

Appeal from the United States District Court
for the Southern District of Texas

————

## ON PETITION FOR REHEARING

Before HIGGINBOTHAM, GRAVES, and WILLETT, Circuit Judges.

PER CURIAM:

Anderson notes that after we issued our decision, Gregory Perkes was nominated by the Governor to once again serve as a justice on the Thirteenth Court of Appeals. This relates "to changed circumstances since the case was decided by the district court" and by our panel, which do not provide grounds for panel rehearing.[1] Our decision and denial of rehearing are "[w]ithout

---

[1] *Anastasiadis v. S.S. Little John*, 347 F.2d 823 (5th Cir. 1965) (mem.); *see also Armster v. U.S. Dist. Court*, 806 F.2d 1347, 1356 (9th Cir. 1986) ("A panel is simply not capable of having *overlooked* or *misapprehended* 'points of . . . fact' occurring *subsequent* to its initial decision."); 16AA *Fed. Prac. & Proc. Juris.* § 3986.1 (4th ed.) ("New factual material,

prejudice to [the] pursuit of any appropriate remedies which may be available in the district court."[2] We express no opinion on the availability of further relief in the context of the close professional relationship between judge and staff attorney.

The petition for panel rehearing is denied.

---

including material concerning events occurring after the initial decision, is not likely to be considered [in a petition for panel rehearing].").

[2] *Anastasiadis*, 347 F.2d at 823.